IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SURETEC INSURANCE COMPANY,

      Plaintiff,

vs.

ORCHARD HILLS ESTATES, LLC;
ORCHARD HILLS ESTATES II, LLC;
RICHARD A. CONTO; CHERYL LYNN
CONTO; BRIAN N. MCCARTHY; and
VALERIE LOJEWSKI-MCCARTHY,

      Defendants.

No. CIV S-09-0110 LKK EFB

FINDINGS AND RECOMMENDATIONS

      This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff SureTec Insurance Company's ("SureTec") motion for entry of default judgment against all defendants. On September 29, 2010, a hearing on the motion was held. Attorney Jeffrey Robbins appeared on behalf of SureTec; no appearance was made on behalf of defendants. For the reasons that follow, and as stated on the record at the hearing, the court recommends that SureTec's motion for entry of default judgment be granted.

////

////

1

## I. BACKGROUND/ PLAINTIFF'S ALLEGATIONS

SureTec filed a complaint herein on January 13, 2009 for breach of contract, specific performance, declaratory relief, implied indemnity, quia timet, and statutory reimbursement pursuant to California Civil Code section 2847. Compl., Dckt. No. 2. The complaint alleges that this court has diversity jurisdiction since SureTec is a corporation incorporated under Texas law, with its principal place of business in Texas; that the business entity defendants were organized under California law and have their principal places of business in California; that the individual defendants are citizens residing in California or Florida; and that the amount in controversy exceeds $75,000.00. Compl. ¶ 1. The complaint further alleges that venue is proper in the Eastern District of California because "substantially all of the events and circumstances giving rise to this action took place in this judicial district. The contracts that are the subject of this action were entered into in either the County of El Dorado, California or the County of Butte, California." Compl. ¶ 2.

Specifically, the complaint makes the following factual allegations. Prior to December 13, 2006, defendants approached SureTec, a surety insurer, to request that SureTec issue construction-related surety bonds on behalf of defendant Orchard Hills Estate II, LLC ("Orchard II") in connection with its performance of construction services for a subdivision project in the City of Placerville, County of El Dorado, California, commonly known as The Ridge at Orchard Hill (the "Project"). Compl. ¶¶ 3, 10. As part of the consideration for issuing the surety bonds on behalf of Orchard II, on or about December 15, 2006, Orchard II and the four individual defendants executed a General Indemnity Agreement ("Orchard II GIA"). Compl. ¶ 11, Ex. A.

Prior to February 16, 2007, defendants approached SureTec to request that SureTec also issue a construction-related blanket surety bond on behalf of Orchard Hills Estate, LLC ("Orchard") for the Project, and that as part of the consideration for issuing the surety bond on behalf of Orchard, on or about March 14, 2007, Orchard and the four individual defendants executed a second General Indemnity Agreement ("Orchard GIA"). Compl. ¶¶ 12, 13, Ex. B.

2

Pursuant to the two GIAs, defendants agreed jointly and severally to indemnify SureTec against any and all liability for losses and expenses of any kind or nature, including attorneys' fees and costs, incurred by SureTec by reason of having executed or procured the execution of any bonds issued on behalf of Orchard and/or Orchard II, or by reason of failure of defendants to perform or comply with the covenants, terms and conditions of the GIAs. Compl. ¶ 15. Also, pursuant to the two GIAs, defendants agreed jointly and severally to deposit collateral with SureTec upon demand in an amount determined by SureTec to be sufficient to discharge and/or cover any loss or anticipated losses that SureTec may incur in connection with any bonds issued on behalf of Orchard and/or Orchard II. Compl. ¶ 16. Further, pursuant to the two GIAs, defendants are obligated to indemnify SureTec with respect to liability arising from "any Bond executed on behalf of any Indemnitor or any Principal." Compl. ¶ 17. SureTec alleges that Orchard and Orchard II are principals as that term is defined in the GIAs. Compl. ¶ 20.

Pursuant to the request of defendants, and in reliance on the terms of the GIAs, on or about December 16, 2006, SureTec issued surety bonds on behalf of Orchard II, including but not limited to, Subdivision Performance and Payment Bond No. 4357492 (the "Orchard II Bonds") for the Project. The Orchard II Bonds ensured compliance with the City of Placerville's codes and ordinances in connection with the installation and completion of certain designated public improvements in the City of Placerville, and name the City of Placerville as the obligee. Compl. ¶ 21, Ex. C. Additionally, pursuant to the request of defendants, and in reliance on the terms of the GIAs, on or about February 16, 2007, SureTec issued surety bonds on behalf of Orchard, including but not limited to, Blanket Surety Bond No. 4357494 (the "Orchard Bond") in connection with Orchard's development of the Project. The Orchard Bond names the State of California as the obligee. Compl. ¶ 22, Ex. D.

Prior to November 26, 2008, SureTec received a claim in the amount of $22,270.00 from James A. Kniep, a Trustee ("Kniep"), on the Orchard Bond. Compl. ¶ 24. On or about November 26, 2008, SureTec sent a written letter to defendants, requesting that they contact

3

SureTec immediately in order to advise SureTec of their intentions to resolve Kniep's claim against the Orchard Bond. Compl. ¶ 25, Ex. E. Defendants have failed and/or refused to answer the November 26, 2008 demand letter. Compl. ¶ 26.

On or about December 16, 2008, SureTec entered into a Release and Assignment agreement (the "Release") with Kniep, wherein Kniep agreed to release and discharge SureTec from any demands or causes of action Kniep may have against the blanket surety bond on the condition that SureTec issue to Kniep a check in the amount of $22,270.00. Compl. ¶ 27, Ex. F. On or about December 30, 2008, SureTec issued a check to Kniep in the amount of $22,270.00. Compl. ¶ 28, Ex. G.

On or about January 5, 2009, SureTec received a Proof of Claim from Joe Vicini, Inc. ("Vicini"), a subcontractor and/or materialman to Orchard II, in the amount of $82,558.63 for labor, services, equipment and/or materials incorporated into the Project. Compl. ¶ 29, Ex. H.

On or about January 8, 2009, SureTec received from the City of Placerville, by written letter, a claim against the Subdivision Performance Bond No. 4357492 in the amount of $80,000.00 due to Orchard's default and failure to complete required improvements on the Project. Compl. ¶ 29, Ex. I.

Thus far, SureTec has received claims totaling $184,828.63. Compl. ¶ 31. Defendants have failed and/or refused to either (1) jointly and severally indemnify SureTec or to (2) jointly and severally deposit collateral with SureTec, as required by the GIAs. Compl. ¶ 32. In addition to losses already incurred in connection with the above claims, SureTec has incurred and will continue to incur costs in connection with the Bonds, including possible losses, claim adjustment expenses, consultants' fees and attorneys' fees and costs, as a consequence of SureTec's issuance of the Bonds, plus attorneys' fees, expenses, and costs prosecuting the instant action. Compl. ¶ 33.

SureTec's complaint alleges claims for (1) breach of contract (the GIAs), against all defendants, based on (a) Orchard II's failure and refusal to pay Vicini, Compl. ¶ 37, and

1  SureTec's obligation to investigate and incur costs in relation to this claim, Compl. ¶ 39; (b)
2  Orchard's failure and refusal to pay Kniep, Compl. ¶ 38, and SureTec's investigation and
3  incurred costs in relation to this claim, Compl. ¶ 39; (c) demands made by the City of Placerville
4  on Orchard II for completion of the required subdivision improvements on the Project; Orchard
5  II's failure and refusal to complete performance of the required subdivision improvements on the
6  Project; and SureTec's obligation to investigate and incur costs in relation to this claim, Compl.
7  ¶ 40, 41; (d) SureTec's demands that defendants honor their obligations under the GIAs, and
8  defendants' failure and refusal to indemnify SureTec or deposit collateral, Compl. ¶ 42; and (e)
9  SureTec's requirement to now investigate the claims made by Vicini and the City of Placerville
10 and to pay them any amounts owed by defendants, Compl. ¶ 43; (2) specific performance of the
11 indemnity agreements, against all defendants; (3) declaratory relief, against all defendants; (4)
12 implied indemnity, against all defendants; (5) quia timet, against all defendants; and (6) statutory
13 reimbursement, against Orchard and Orchard II.

14 II.    SERVICE OF PROCESS

15     SureTec made numerous attempts, in both California and Florida, to serve the summons
16 and complaint on defendants via personal service and via a waiver of service. Despite its efforts,
17 SureTec was not able to personally serve defendants or obtain their waiver of service. Dckt. No.
18 24 at 3; Robbins Decl. ¶ 4. Therefore, on May 6, 2009, SureTec obtained approval from the
19 district judge in this action to serve all defendants by publication. Dckt. No. 10.

20     On June 26, 2009, SureTec filed a notice of service by publication, indicating that on
21 June 17, 2009, service on defendants was complete in California by publishing a summons once
22 a week for four consecutive weeks (on May 27, June 3, June 10, and June 17, 2009) in a
23 newspaper of general circulation, the Mountain Democrat. Service on defendants was complete
24 in Florida by publishing summons in the Sarasota Herald-Tribune (on May 29, June 5, June 12,
25 and June 19, 2009). Dckt. No. 15.
26 ////

On July 20, 2009, SureTec requested entry of default against all defendants. Dckt. No. 16. The clerk entered defendants' default on July 21, 2009. Dckt. No. 17. On June 14, 2010, SureTec moved for default judgment against all defendants. Dckt. No. 24. To date, defendants have not appeared in this action or responded to SureTec's complaint. Dckt. No. 24 at 4; Robbins Decl. ¶ 7.

Federal Rule of Civil Procedure ("Rule") 4(e)(1) provides that, where service is not waived, a person may be served in a judicial district of the United States by: "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Rule 4(h)(1)(A) further provides that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served: (1) in a judicial district of the United States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual. . . ."

Here, service on defendants was proper pursuant to the district judge's order permitting SureTec to serve all defendants by publication and pursuant to California Civil Procedure Code section 415.50, which provides that "[a] summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . [a] cause of action exists against the party upon whom service is to be made." Cal. Civ. Proc. Code § 415.50(a); *see also* Dckt. No. 10.

III. <u>DISCUSSION</u>

    A.    <u>Standards</u>

It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a

6

>     dispute concerning the material facts, (6) whether the default was
>     due to excusable neglect, and (7) the strong policy underlying the
>     Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

B.   <u>Relief Sought</u>

SureTec's motion for default judgment, Dckt. No. 24, seeks the following relief:

>     1. Judgment in the total amount of $128,156.98, which consists of:
>         a. $118,156.98 in money damages to be paid by
>     defendants, and each of them to SureTec for:
>             I. $93,340.00 for payments made to various
>     claimants related to claims brought by various
>     claimants against the surety bonds issued by
>     SureTec on behalf of Orchard and Orchard II; and
>             ii. $24,816.98 in attorneys' fees and expenses; and
>         b. $10,000.00 in collateral security to be posted to
>     SureTec by defendants, and each of them to cover
>     SureTec's anticipated exposure under the surety bonds (the
>     "Bonds") issued on behalf of Orchard and Orchard II
>     consisting of potential losses for payments to various
>     claimants for claims against the Bonds and any and all
>     attorneys' fees and costs associated therewith.
>     2. Defendants are compelled to specifically perform pursuant to
>     the terms of the General Indemnity Agreement executed by
>     Orchard and defendants Richard A. Conto, Cheryl Lynn Conto,
>     Brian N. McCarthy, and Valerie Lojewski-McCarthy ("the
>     Orchard GIA") and in accordance with the provisions of the
>     General Indemnity Agreement executed by Orchard II and
>     defendants Richard A. Conto, Cheryl Lynn Conto, Brian N.
>     McCarthy, and Valerie Lojewski-McCarthy ("the Orchard II

   GIA") (collectively, the GIAs") by:
    a. Indemnifying SureTec for all losses, costs, and fees that
    SureTec has incurred in connection with the surety bonds
    issued on behalf of Orchard and Orchard II in the amount
    of $118,156.98; and
    b. Posting collateral security with SureTec within thirty
    (30) days of entry of Judgment by Court to cover SureTec's
    exposure under the surety bonds issued on behalf of
    Orchard and Orchard II in the amount of $10,000.00.
   3. Declaratory relief is granted by the Court that defendants, and
   each of them, are obligated under the GIAs executed in favor of
   SureTec to:
    a. Indemnify SureTec for any and all losses, expenses and
    costs SureTec incurs or may incur on the surety bonds
    issued on behalf of Orchard and Orchard II; and
    b. Post collateral security to SureTec for any and all losses,
    expenses and costs that SureTec anticipates in connection
    with the surety bonds issued on behalf of Orchard and
    Orchard II.

Dckt. No. 24-3.

  C. Discussion

Here, the *Eitel* factors weigh in favor of granting default judgment to SureTec on its breach of contract and declaratory relief claims. As a result, SureTec should be awarded $128,156.98 in damages and the declaratory relief it seeks.[1]

  (1) Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether SureTec would suffer prejudice if default judgment is not entered. *See PepsiCo, Inc*., 238 F. Supp .2d at 1177. Here, SureTec would potentially face prejudice if the court did not enter default judgment because absent entry of default judgment, SureTec would be without another recourse for recovery. Accordingly, the first *Eitel* factor favors the entry of default judgment.

////

---

[1] Although plaintiff also alleges other claims, plaintiff's motion for default judgment does not address each of the claims. Instead, the motion focuses on the relief sought. Plaintiff's request for damages and declaratory relief can be awarded based on plaintiff's breach of contract and declaratory relief claims, and as discussed at the hearing, plaintiff's request for specific performance is unnecessary in light of the damages and declaratory relief awards.

(2) & (3) <u>Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint</u>

SureTec's complaint and evidence in support of its default judgment motion establish that defendants breached their contracts (the GIAs) with SureTec. To establish a breach of contract claim, SureTec must demonstrate (1) a contract, (2) SureTec's performance or excuse for nonperformance, (3) the defendants' breach, and (4) damage to SureTec. *Amelco Elec. v. City of Thousand Oaks*, 27 Cal. 4th 228, 243, 115 Cal. Rptr.2d 900, 38 P.3d 1120 (Cal. 2002) (citing 4 Witkin, *Cal. Procedure* (4th ed. 1997) Pleading, § 476, p. 570).

Also, SureTec's complaint and evidence in support of its default judgment motion establish that SureTec is entitled to the declaratory relief it seeks. For declaratory relief, there must be "'a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment.'" *Spokane Indian Tribe v. United States*, 972 F.2d 1090, 1092 (9th Cir. 1992) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941)); 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction . . . , any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."); 28 U.S.C. § 2202 ("[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."). Section 2201 requires that a dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests" . . . and "admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."

Here, SureTec establishes that in reliance on the terms of the GIAs (which were both signed by all of the individual defendants and which were each signed by Richard Conto and Brian McCarthy, as Managing Members of Orchard and Orchard II, on behalf of Orchard and on

9

behalf of Orchard II), SureTec issued the surety Bonds at issue; that multiple claims have been made against the Bonds; that SureTec demanded that defendants comply with their obligations under the GIAs; that defendants have failed and refused to indemnify SureTec or deposit collateral, as required by the GIAs; and that SureTec is entitled to recover all losses incurred in connection with the Bonds, pursuant to the express terms of the GIAs.  SureTec also establishes that it has been forced to make payments to settle claims made against the Bonds and to hire legal counsel to investigate and enforce the GIAs, and that specifically, it has incurred losses totaling $118,156.98, based on payments made to the City of Placerville ($41,000); James Kniep, Trustee ($22,270); W.K. Schimmeyer ($30,070.00); Watt, Tieder, Hoffar & Fitzgerald LLP ($21,869.58 – paid); and Watt, Tieder, Hoffar & Fitzgerald LLP ($2,947.40 – pending). *See* Decl. of Cynthia Vincent (Director of West Coast Claims for SureTec), Dckt. No. 24-3, ¶ 13; Jeffrey Robbins Decl., Dckt. No. 24-2, ¶ 8.  SureTec has also established that defendants are required, pursuant to the express terms of the GIAs, to deposit collateral security with SureTec in an amount equal to the attorneys' fees and costs it anticipates it will spend.  SureTec anticipates that it will spend $10,000 to defend Vicini's lawsuit.  Jeffrey Robbins Decl., Dckt. No. 24-2, ¶ 9.

Therefore, SureTec has shown that it is entitled to $118,156.98 in money damages and $10,000.00 in collateral security to be posted to SureTec by defendants; and the declaratory relief SureTec seeks, establishing that defendants, and each of them, are obligated under the GIAs to indemnify SureTec for any and all losses, expenses and costs SureTec incurs or may incur on the surety bonds issued on behalf of Orchard and Orchard II, and to post collateral security to SureTec for any and all losses, expenses and costs that SureTec anticipates in connection with the surety bonds issued on behalf of Orchard and Orchard II.

(4) <u>Sum of Money at Stake in the Action</u>

Under the fourth factor cited in *Eitel*, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc*., 238 F. Supp. 2d at 1177; *see also Philip Morris USA, Inc. v. Castworld Prods., Inc*., 219 F.R.D. 494, 500 (C.D.

Cal.2003). Here, although the amount SureTec seeks is relatively large, defendants agreed to indemnify SureTec for the damages sought. Therefore, this *Eitel* factor favors the entry of default judgment.

Additionally, the amount of damages is capable of ascertainment from definite figures contained in the declarations of Cynthia Vincent (Director of West Coast Claims for SureTec), Dckt. No. 24-3, ¶ 13, and Jeffrey Robbins. *Dundee Cement*, 722 F.2d at 1323 ("judgment by default may not be entered without a hearing on damages unless . . . the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits."); *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir.1981) (no hearing necessary when documents show judgment amount based on a definite figure); *see also* Fed. R. Civ. P. 55(b)(2) (the district court has the discretion to conduct or refuse a hearing on default judgment). A hearing on the issue of damages is not required as long as the Court finds there is a basis for the damages specified. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir.1997). Affidavits or other documentary evidence is sufficient to evaluate the fairness of the amount requested. *Tamarin v. Adam Caterers, Inc*., 13 F.3d 51, 54 (2d Cir.1993).

### (5) Possibility of a Dispute Concerning the Material Facts

The facts of this case are relatively straightforward, and SureTec has provided the court with well-pleaded allegations supporting its claims. Here, the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is a very low likelihood that any genuine issue of material fact exists. *See, e.g., Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal.2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); *accord Philip Morris USA, Inc.*, 219 F.R.D. at 500; *PepsiCo, Inc*., 238 F. Supp. 2d at 1177.

////

(6) <u>Whether the Default Was Due to Excusable Neglect</u>

Defendants did not respond to multiple demand letters sent to them by SureTec and have not appeared in this action. Thus, the record suggests that defendants have chosen not to defend themselves in this action, and not that the default resulted from any excusable neglect.

(7) <u>Policy Favoring Decisions on the Merits</u>

Although this factor weighs against the entry of default judgment, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. *PepsiCo, Inc*., 238 F. Supp. 2d at 1177; *see also Craigslist, Inc. v. Naturemarket, Inc*., 2010 WL 807446, at *16 (N.D. Cal. Mar. 5, 2010); *ACS Recovery Servs., Inc. v. Kaplan*, 2010 WL 144816, at *7 (N.D. Cal. Jan.11, 2010); *Hartung v. J.D. Byrider, Inc*., 2009 WL 1876690, at *5 (E.D. Cal. June 26, 2009). Accordingly, although the court is cognizant of the policy favoring decisions on the merits - and consistent with that policy would prefer that this case be resolved on the merits - that policy does not, by itself, preclude entry of default judgment.

IV. <u>CONCLUSION</u>

In view of the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment be GRANTED;

2. Plaintiff be awarded $118,156.98 in money damages to be paid by defendants, and each of them to SureTec;

3. Plaintiff be awarded $10,000.00 in collateral security to be posted to SureTec by defendants, and each of them to cover SureTec's anticipated exposure under the surety bonds issued on behalf of Orchard and Orchard II consisting of potential losses for payments to various claimants for claims against the Bonds and any and all attorneys' fees and costs associated therewith;

4. Plaintiff be granted a declaration that defendants, and each of them, are obligated under the GIAs executed in favor of SureTec to (a) indemnify SureTec for any and all losses,

expenses and costs SureTec incurs or may incur on the surety bonds issued on behalf of Orchard and Orchard II; and (b) post collateral security to SureTec for any and all losses, expenses and costs that SureTec anticipates in connection with the surety bonds issued on behalf of Orchard and Orchard II.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  October 26, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE